Filed 12/22/20  Thompkins v. Sovinsky CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| ERIN THOMPKINS, | B301514 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC682539) |
| v. | |
| CECILIA MORAN SOVINSKY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Barbara M. Scheper, Judge.  Affirmed.

Cecilia Moran Sovinsky, in pro. per., for Defendant and Appellant.

Kerendian & Associates, Inc., Shab David Kerendian and Edrin Shamtob for Plaintiff and Respondent.

_____

Defendant and appellant Cecilia Moran Sovinsky appeals from a judgment in favor of plaintiff and respondent Erin Thompkins entered after a bench trial. Defendant contends that the judgment was "prejudiced, discriminative, unfair, unmerited, unjustifiable, unreasonable, bigoted and unscrupulous."

The judgment is supported by substantial evidence, and defendant offers no cogent basis to reverse the judgment. Accordingly, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

*Factual Background*

On or about April 1, 2017, plaintiff, a traveling nurse, and defendant entered into a lease agreement, whereby plaintiff leased a room in defendant's house on a month-to-month basis. On May 16, 2017, defendant informed plaintiff that she would be installing security cameras in various areas of the house. Cameras were then installed in the house's kitchen, foyer, living room, second story, and outside areas. But, according to plaintiff, defendant never told her that the cameras "had audio" and that she would be able to listen to plaintiff's conversations in the house.

In August 2017, defendant told plaintiff that she had listened to recorded conversations that plaintiff had had with other tenants in defendant's house. Plaintiff intended for those conversations to be private. During the time she lived in defendant's house, plaintiff also had had roughly 20 to 30 private conversations with third parties regarding events that would be regulated by the Health Insurance Portability and Accountability Act (HIPAA). Had she known that the security cameras had the capability of recording those confidential communications, she

never would have had them in the areas where the cameras were installed.

As a result of defendant secretly recording and listening to plaintiff's private communications, plaintiff "became increasingly stressed out" and "uncomfortable." In addition, plaintiff was concerned that the recordings could "cause an issue for her job given the HIPAA issues." By the end of August 2017, plaintiff moved out of defendant's house.

*Procedural Background*

On November 7, 2017, plaintiff filed a complaint against defendant, alleging claims for violation of Penal Code section 632, invasion of privacy (intrusion), and intentional infliction of emotional distress. Defendant filed an answer.

The case proceeded to a bench trial. Following witness testimony, the submission of the parties' closing trial briefs, and closing argument, the trial court found in favor of plaintiff on all three causes of action pled in the complaint and entered judgment in her favor in the amount of $200,000.

Defendant's timely appeal ensued.

## DISCUSSION

I. *Standard of review*

"'Where findings of fact are challenged on a civil appeal, we are bound by the "elementary, but often overlooked principle of law, that . . . the power of an appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the findings below. [Citation.]' [Citation.] [¶] "'In applying this standard of review, we 'view the evidence in the light most favorable to the prevailing party, giving it the benefit of every reasonable inference and resolving all conflicts in its favor . . . .' [Citation.]"

[Citation.] "'Substantial evidence' is evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value." [Citation.] We do not reweigh evidence or reassess the credibility of witnesses. [Citation.] We are "not a second trier of fact." [Citation.]' [Citation.]" (*Reynaud v. Technicolor Creative Servs. United States* (2020) 46 Cal.App.5th 1007, 1015.)

II. *Analysis*

Applying this standard of review, we readily conclude that there is no basis to reverse the judgment. As the trial court noted, plaintiff met her burden in proving her claims against defendant.

Plaintiff brought three claims against defendant: (1) Violation of Penal Code section 632; (2) Invasion of privacy; and (3) Intentional infliction of emotional distress. Penal Code section 632, subdivision (a), provides: "A person who, intentionally and without the consent of all parties to a confidential communication, uses an electronic amplifying or recording device to eavesdrop upon or record the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device" shall be subject to certain penalties. "Penal Code [section] 637.2 authorizes a private civil right of action for any violation of [Penal Code section] 632." (*Weiner v. ARS Nat'l Servs.* (S.D.Cal. 2012) 887 F.Supp.2d 1029, 1032.) The three elements a plaintiff must prove are (1) an electronic recording of, or eavesdropping on, (2) a confidential communication, and (3) all parties did not consent. (*Ibid.*)

The elements of a claim for invasion of privacy are (1) the plaintiff had a reasonable expectation of privacy; (2) the defendant intentionally intruded; (3) the intrusion would be

4

highly offensive to a reasonable person; (4) the plaintiff was harmed; and (5) the defendant's conduct was a substantial factor in causing the harm.  (CACI No. 1800.)

"The elements of a cause of action for intentional infliction of emotional distress are (i) outrageous conduct by defendant, (ii) an intention by defendant to cause, or reckless disregard of the probability of causing, emotional distress, (iii) severe emotional distress, and (iv) an actual and proximate causal link between the tortious conduct and the emotional distress. [Citation.]"  (*Nally v. Grace Community Church* (1988) 47 Cal.3d 278, 300.)  "'Conduct to be outrageous must be so extreme as to exceed all bounds of that usually tolerated in a civilized community.'  [Citation.]  Generally, conduct will be found to be actionable where the 'recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, "Outrageous!"'  [Citation.]" (*KOVR-TV, Inc. v. Superior Court* (1995) 31 Cal.App.4th 1023, 1028.)

As set forth above, plaintiff proved all elements of these three causes of action.  She had a reasonable expectation of privacy in her conversations with other tenants and third parties. Despite that expectation, defendant recorded and listened to her private conversations without the parties' consent.  And plaintiff was harmed by defendant's outrageous conduct.

Urging us to reverse, defendant attacks the evidence, characterizing plaintiff's testimony as "clearly false and ambiguous."  But, pursuant to the well-established legal principles enunciated above, we do not reweigh the evidence or reassess the credibility of witnesses.  (*Reynaud v. Technicolor Creative Servs. United States, supra*, 46 Cal.App.5th at p. 1015.)

The trial court believed plaintiff's testimony, and there is no basis for us to second guess the trial court.

Defendant further contends that there is no evidence to support the trial court's determination that she violated Penal Code section 632. After all, plaintiff knew that there were cameras installed in the common areas of the house and she had no reasonable expectation of privacy in those common areas. We need not reach this issue. Even if the trial court had erred in finding in favor of plaintiff on this claim, that alleged error would not compel reversal of the judgment because on appeal defendant does not challenge the trial court's findings in favor of plaintiff on her claims for invasion of privacy and intentional infliction of emotional distress, and the trial court's damage award was not segregated into amounts awarded for each cause of action. Because the trial court issued a comprehensive verdict on damages, and its findings on at least two of plaintiff's claims stand, so too does the entire judgment.

Moreover, defendant asserts that the trial court awarded plaintiff excessive damages. There are at least two problems with defendant's argument. First, it is well-settled that "[w]e must uphold an award of damages whenever possible citation] and 'can interfere on the ground that the judgment is excessive only on the ground that the verdict is so large that, at first blush, it shocks the conscience and suggests passion, prejudice or corruption.'" (*Westphal v. Wal-Mart Stores, Inc.* (1998) 68 Cal.App.4th 1071, 1078.) In light of plaintiff's evidence, we cannot agree that the damages awarded by the trial court were excessive.

Second, defendant's argument rests upon her mistaken assumption that the damages were awarded just for a violation of

Penal Code section 637.2.  But that is not what the judgment indicates.  Rather, as set forth above, the trial court found that plaintiff proved all three causes of action and awarded $200,000 in total damages.  Defendant offers no basis for us to find that that award is excessive.

Finally, defendant makes some sort of objection to an accusation that she either willfully failed to appear at trial and/or suppressed evidence.  Because defendant offers no evidence or citation to the appellate record to support her claim that the trial court made improper inferences against her pursuant to Evidence Code section 413, her claim fails.  (*Guthrey v. State of California* (1998) 63 Cal.App.4th 1108, 1115 [appellate court is not required to make an independent, unassisted search of the appellate record]; *In re S.C.* (2006) 138 Cal.App.4th 396, 406–407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited].)

## DISPOSITION

The judgment is affirmed.  Plaintiff is entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:


_____, P. J.
LUI


_____, J.
HOFFSTADT